JS-6

MARC A. PILOTIN
Regional Solicitor
ANDREW J. SCHULTZ (CA # 237231)
Counsel for Wage and Hour
NISHA PAREKH (CA #318393)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
Telephone: (213) 894-3990
Parekh.Nisha@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>                                    Plaintiff,<br><br>          v.<br><br>LEYEN FOOD, LLC, a California<br>Corporation; and HOU YOU "VICTOR"<br>LIANG, an individual,<br>                                    Defendants. | Case No: 2:24-cv-02855<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), and Defendants Leyen Food, LLC, and Hou You "Victor" Liang ("Defendants") (collectively the "Parties") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Injunction ("Consent Judgment") as provided below.

**STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES**

A.      On April 9, 2024, the Secretary filed her Complaint (Dkt. 1) in the above-captioned proceeding, naming Defendants and alleging they violated provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§, 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5).  Defendants waive service of the summons and complaint.

B.      Defendants admit that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the Central District of California.

C.      The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

D.      Defendants agree herein to resolve all allegations of the Secretary's Complaint.

E.      Defendants admit that they have violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay overtime to employees identified on Exhibit 1 who worked more than 40 hours in a work week.

F.      Defendants admit that they violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. § 211 and 215(a)(5), by failing to keep accurate records of hours worked by employees identified on Exhibit 1.

G.      Defendants represent that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

H.      Entry of this Consent Judgment marks resolution of the third inspection the Acting Secretary has conducted into Defendants' compliance with the FLSA.

I.      Defendants acknowledge that violating any provision of this Consent Judgment and Permanent Injunction may subject them to fines and penalties, including punitive damages, heightened civil monetary penalties, or contempt.

## JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their agents, servants, employees, companies, and all persons and entities acting at their direction or in concert or participation with their direction, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.      Contrary to Sections 6 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the operative minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

2.      Contrary to Sections 7 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek.

3.      Contrary to Sections 11(c) and 15(a)(5) of the FLSA, failing to make,

keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employee's earnings along with a description of the basis/reason and method of calculation of the deduction;

4.     Contrary to Section 15(a)(3) of the FLSA, engaging in any retaliatory action, such as discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA, has testified or is about to testify in any such proceeding, or has otherwise exercised their rights under the FLSA by, among other things, testifying or otherwise reporting information to the Acting Secretary, or questioning whether the employer is paying the employee in compliance with prevailing law. Prohibited discriminatory and retaliatory actions include telling employees that communication with the Acting Secretary will result in immigration, legal, criminal or other action against them and/or otherwise deterring employees from cooperating with or speaking to the Acting Secretary's representatives through threats, bribes or intimidation. Other prohibited discriminatory and retaliatory acts include but are not necessarily limited to: termination; discharge; layoffs; threats of termination, discharge or lay off; reverifying the employment eligibility of an employee Defendants unlawfully terminated; reduction to employees' work schedules or wages; intimidation; failure to hire; and providing negative references.

5.     Requesting, soliciting, suggesting, or coercing, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for

Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment, or the FLSA; or accepting or receiving from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to the employee under the provisions of this Consent Judgment or the FLSA.

6.      Withholding payment of $270,000.00, which constitutes the back wages found to be due by the Defendants under the FLSA to the employees, who are identified by name in Exhibit 1, which is incorporated in and made part of this Consent Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their agents, servants, employees, companies, and all persons and entities acting at their direction or in concert or participation with their direction, shall take the following affirmative actions:

7.      Within thirty (30) calendar days of the date of entry of this Consent Judgment, and within thirty (30) calendar days of any subsequent change to the information below for a period of two (2) years, Defendants shall:

a.      provide to the Acting Secretary all addresses for any location at which they are processing poultry or engaged in any work related to the processing, sale, or delivery of poultry;

b.      notify the Acting Secretary of any third-party entities, including contractors, that are providing staffing services to Defendants, with an explanation of the services being provided, and to provide the Acting Secretary with a copy of any contract(s) entered into with such entities; and

c.      provide the Acting Secretary with Defendants' address, telephone number, and email address, where they agree to be contacted for purposes of communicating about and carrying out the provisions of this Consent

Judgment.

8.      For a period of two (2) years from the date of entry of this Consent Judgment, Defendants must immediately notify and inform the Acting Secretary of any change to any of the information it previously provided to the Acting Secretary as required in Paragraph 7 above, including changes to its business name or corporate form, the location where it operates, and the retention or allowance of any other business or entity to manage employees or process poultry for it or at its facilities. Defendants shall also inform the Acting Secretary of any changes to their contact information. Defendants shall notify the Acting Secretary of any such changes no later than thirty (30) calendar days after any such changes have taken effect.

9.      Within twenty-one (21) calendar days of the date of entry of this Consent Judgment, Defendants shall send a package consisting of a copy of the Notice of Rights attached hereto as Exhibit 2, followed in sequence by a copy of this Consent Judgment, to all current employees, and in a language that they understand, and post this Consent Judgment and Notice of Rights in such languages in a location or locations visible to all employees, including the entrance to the workplace, any break areas, and in the primary workroom.  Within seven (7) calendar days of posting the package in the worksite, Defendants shall send photographs to a Wage and Hour representative demonstrating that this provision has been adhered to.

10.     For a period of at least two (2) years from the date of entry of this Consent Judgment, Defendants shall ensure that a copy of this Consent Judgment and Exhibit 2 is provided to the following persons or entities and in a language understood by the recipient as follows:

a.      all future employees upon their retention who are hired or rehired following the entry of this Consent Judgment;

b.      all persons to whom they offer employment;

c.      all persons or entities providing labor or payroll services to Defendants or their business operations;

d.      all businesses and workers processing poultry at any poultry processing facility owned, operated, or controlled by any Defendant; and

e.      any individual or entity responsible for hiring, firing, supervising, paying, or otherwise managing Defendants' employees.

11.     Within ninety (90) calendar days of entry of this Consent Judgment, Defendants shall provide FLSA training to all managers and supervisors working at its poultry processing facilities addressing, at a minimum, the FLSA provisions governing minimum wage, overtime, recordkeeping, child labor, anti-retaliation, and interference. Defendants shall pay an independent third-party contractor, who is not involved in this litigation, has demonstrable expertise in compliance with the FLSA, and is approved by a representative of the Acting Secretary, to conduct this training. A contractor will not be considered independent if it is related to Defendants on the date of this Consent Judgment or represents Defendants involved in this action in any dealings with other parties or the Department of Labor. The training shall be for one session of not less than one hour with an opportunity for questions and answers. Any contractor must make reasonable efforts to communicate with Defendants' employees in languages with which the employees are comfortable, or if the situation requires, the contractor will hire an interpreter as dictated by a particular employee's circumstances. Defendants shall provide the Acting Secretary seven days' notice in advance of the training and permit the Acting Secretary's representative to attend the training. Defendants shall provide proof that this training has occurred within fourteen (14) calendar days of completing this required training. Defendants shall provide the FLSA training required under this Paragraph on an annual basis for a period of at least two (2) years.

12.     For a period of six (6) months from entry of this Consent Judgment,

Defendants shall not terminate, fire, layoff, or furlough any employee, including employees involved in processing poultry, such as deboners, packers, cleaners, or others, or participate in the termination, firing, layoff, or furloughing in any manner of employees involved in the processing of poultry, without first giving the employee and the Acting Secretary notice at least seven (7) days prior to such action describing who is being terminated, fired, laid off, or furloughed, and the non-retaliatory business justification for doing so.

13.    For a period of two (2) years from the date of entry of this Consent Judgment, Defendants shall allow the Acting Secretary, its representatives, or agents to enter any location where any Defendant is processing, producing, shipping, or delivering for shipment any poultry to provide a one-hour FLSA Notice of Rights training to all nonmanagerial employees of Defendants and/or to freely speak to employees about Defendants' compliance with this Consent Judgment and the FLSA. Defendants will tell employees that they can stop working during this training and Defendants will compensate employees for their time attending this training. The Acting Secretary or its representatives shall be authorized to enter these locations four-times per year to provide the training and speak with employes and shall be permitted to return as necessary to train any employees who may have been absent.

14.    Defendants shall Compensate all employees for all hours worked, including but not limited to time they spend waiting to be paid, waiting to count the number of boxes they have cut at the end of the day, waiting for poultry product to arrive, donning and doffing clothing or equipment mandatory to perform their job, and performing work that benefits Defendants in any manner.

15.    Defendants shall require either a certificate of age pursuant to 29 C.F.R. 570 Subpart B or documentary evidence of age that meets the requirements of 29 C.F.R. § 570.7, for any employee if there is any reason to believe that the employee's age may be below the applicable minimum age for the occupation in

which the employee is to be employed. Such certificate or documentary evidence of age should always be obtained where the employee claims to be only 1 or 2 years above the applicable minimum age for the occupation in which the employee is to be employed. A certificate or documentary evidence of age shall also be obtained for every employee claiming to be older than 2 years above the applicable minimum age if the employee's physical appearance indicates that this may not be true.

16.    If any Defendant hires, retains or utilizes a third-party service provider to provide labor to process poultry within an establishment owned, operated or controlled by such Defendant ("Defendant's facility"), and/or otherwise to provide timekeeping or payroll services with respect to those workers processing poultry within Defendant's facility, then:

a.    Defendant shall enter into a written contract with such third-party requiring that the third-party affirmatively:

i.    acknowledge receipt and review of the Consent Judgment;

ii.    agree to provide a copy of the Consent Judgment and Exhibit 2 to any employees or workers who work within Defendant's facility;

iii.    agree to comply with the federal minimum wage, overtime, recordkeeping, and child labor provisions of the FLSA as well as all state law wage requirements;

iv.    agree to screen all current and future workers to ensure that no oppressive child labor is being employed at Defendant's facility;

v.    agree to implement and maintain a timekeeping system that accurately records the hours worked by employees consisting of the minimum requirements: employees must clock-in their start time and end time each day; employees must record their own hours and neither the third-party service provider nor Defendant shall clock-in for employees except to correct any timekeeping

errors, such as when an employee fails to appropriately clock-in or out;

vi. agree to allow Defendant access to all payroll and timekeeping records it creates for employees working within Defendant's facility;

vii. agree to comply with any investigation conducted by the Acting Secretary pursuant to Section 11 of the FLSA, including freely interviewing any employees or workers performing work within Defendants' facility; and

17. Defendants are permanently enjoined from communicating, directly or indirectly, in any manner to any third party, such as other owners of poultry processing companies, regarding whether any employee may have or may be perceived to have engaged in protected activity under the FLSA, including but not limited to any connection any employee may have with a Department of Labor, and are specifically enjoined from taking any other action to restrict or blacklist such employee from seeking or obtaining any other work.

18. Defendants have an ongoing duty to provide the Acting Secretary with access to all records required to be made, kept, or preserved under Section 11 of the FLSA, including all other time, piece rate, employee, and payroll records, upon request and no later than thirty (30) calendar days after such request is made.

19. Should Defendants maintain a video monitoring system of employees and/or workers, Defendants shall immediately provide the Acting Secretary with access to review this footage upon request. The requirements of this Paragraph shall remain in effect for a period of at least two (2) years from the date of entry of this Consent Judgment.

20. Defendants have an ongoing duty to provide an earnings statement to each of their employees, and ensure that any employee employed to assist in the processing of poultry, such as deboners, packers, cleaners, or others, each time they are paid, beginning with the first paycheck issued following entry of this Consent Judgment, with the following information: (1) gross wages paid to the employee each workweek; (2) total hours worked each workweek; (3) a list of

itemized deductions from employees' pay; (4) net wages earned; (5) the inclusive start and end dates of the pay period; (6) the employee's name and employee identification number; (7) the applicable hourly rates (including straight time and overtime rates) and corresponding number of hours worked at each hourly rate, or, as applicable, the applicable piece rates (including the precise formula used to calculate the piece rate and overtime rates) and corresponding number of pieces worked at each piece rate; (8) total straight-time wages paid; and (9) total overtime wages paid. Defendants shall produce these earnings statements to the Acting Secretary upon request and no later than thirty (30) calendar days after such request is made.

21.    All documents produced by Defendants as required under this Consent Judgment must be produced in an electronic, searchable format to the extent Defendants' documents are maintained or may be generated in such a format. If a document is neither maintained nor may be generated in an electronic, searchable format, then Defendants shall produce the document in an electronic format with all metadata intact to the extent such metadata exists. If a subject document is produced in a comma-separated-values ("CSV") file, such as an Excel spreadsheet, then the documents must be produced in such format and not converted to a PDF. Documents must be organized in a manner that clearly identifies the nature of the documents.

22.    Defendants have an ongoing duty to comply with the FLSA as specified above and in all other respects, including but not limited to the minimum wage requirements under Section 6 of the FLSA, 29 U.S.C. § 206, including compensating employees for any wait time as required under 29 C.F.R. Part 785. Defendants shall also provide any "rest and recovery periods and other nonproductive time" as required under California Labor Code 226.2 and compensate any time donning and doffing equipment as required under 29 C.F.R. Part 790; and reimburse any expenses incurred by an employee in furtherance of

his employer's interests and properly reimbursable by the employer as required under Section 7(e)(2) of the FLSA, 29 U.S.C. § 207(e)(2), such as expenses incurred by employees in connection with the purchase or maintenance of equipment, tools, clothing, and supplies required for the employee's work.

23.     Defendants, their agents, servants, and employees, and any person in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages, monetary damages, or liquidated damages from the individuals listed on the operative Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Consent Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

24.     Defendants have an ongoing duty to comply with the FLSA and maintain payroll practices at any business they own, operate, or control, currently and in the future, as follows:

        a.     Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including, for each employee (1) all hours worked by each workday and workweek, including all pre- and post-shift work such as maintaining clothing, tools, and supplies, and donning and doffing; (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the number of pieces completed by each workday and workweek, if employee is paid per piece; (4) the total weekly straight-time earnings due for the hours worked during the workweek; (5) the total premium pay for overtime hours; and (6) the dollar value of all equipment, tools, clothing, and supplies paid for and used in or specifically required for the employee's work;

        b.     Defendants shall record all wages paid to employees, regardless of the manner of payment, on payroll records;

c.      Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked; and

d.      Defendants shall not direct supervisors, employees, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct supervisors and payroll providers to encourage workers to report all hours worked.

25.     If Defendants choose to calculate pay through any type of individual production-based system, such as a piece rate system, Defendants shall immediately provide the following written notice to all current piece rate employees, and all future piece rate employees upon hire (or rehire), and in a language understand to them, and shall place the notice prominently around the workplace. The notice shall be translated into Spanish and any other language necessary for employees to be able to read the notice, and it shall read as follows:

*Employees who are paid on a piece rate still get overtime payments. You are entitled to advance notice of any piece rate payment, including exactly how the piece rate is calculated. You are entitled to advance notice if your employer makes any change to the piece rate payment. You are entitled to an individual piece rate and cannot be required to accept a group piece rate. Your regular piece rate payment does NOT include overtime, but it does include straight time pay for all hours worked. If you work more than 40 hours in a work week, your employer must pay you a premium for overtime, above and beyond your piece rate. For example, if you worked 50 hours in a workweek and earned $1,000 from your piece rate work, your employer must pay you $100 in overtime. This amount is calculated by taking your $1,000 pay and dividing it by the 50 hours you worked to get $20 per hour. $20 per hour is your regular rate. The overtime premium means you must get paid 1.5 times of your regular rate. For the extra 10*

*hours you worked that week, you should have gotten paid $20 x 1.5 = $30 per hour. Since your employer paid you $20/hour, your employer owes you $10 overtime premium for the 10 hours you worked past 40 hours, meaning your employer owes you 10 x $10 or $100. Your employer must give you a pay stub that shows your weekly earnings, how those earnings were calculated, and shows all deductions. Your employer must pay you for any time that you spend putting on or removing tools and clothes you are required to wear for work, such as knives to cut chicken or gloves, robes, and hairnets for your safety and food hygiene. Lastly, your employer must pay you for certain "wait time," such as time spent waiting for poultry to arrive, time spent waiting to count to count the number of boxes of poultry that are cut, and time spent waiting to be paid.*

26.    For purposes of contacting the Acting Secretary under the terms of this Consent Judgment, Defendants shall notify:

> Wage Hour Division, West Covina District Office
>
> Attention: District Director
>
> 100 N. Barranca Street, Suite #850
>
> West Covina, California 91791

## JUDGMENT

27.    **JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the FLSA, in favor of the Secretary as a judgment owed to the United States of America and against Defendants in the total amount of $270,000.00.  This total amount comprises $122,500.00 in unpaid overtime compensation owed by Defendants and, pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, and an additional equal amount as liquidated damages of $122,500.00, as well as civil money penalties of $25,000.00 pursuant 29 U.S.C. § 216(e) which have been assessed and finally determined for Defendant's FLSA willful violations for the time periods stated in the supplemental Exhibit 1.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

28.     The judgment amount ($270,000.00) shall be delivered on or before April 15, 2024.  Defendants may make payment required by this Consent Judgment (plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". Payment shall reference BW Case Number 1969215. Alternatively, Defendants may deliver payment using cashier's check made out to "U.S. Dept. of Labor/Wage & Hour Division" and listing BW Case Number 1969215 on the face of the check, to: United States Department of Labor/Wage & Hour Division, Attn: Back Wage Unit, District Director Daniel Pasquil, 100 N. Barranca Street, Suite #850, West Covina, California 91791.

29.     In the event of any default in the timely making of payment due hereunder, the full amount due under the back wage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business addresses of Defendants then known to the Secretary with electronic copies also concurrently e-served on Defendants, or, if applicable, their counsel.

30.     The Secretary shall distribute the proceeds from the settlement payment described in Paragraphs 27 and 28 to the employees identified in Exhibit l, less deductions for employees' share of payroll taxes and income tax withholding on the back wage amounts, to the employees identified therein, or if necessary, to the employees' estates.  Any monies not distributed to employees within three (3) years from the date of the Secretary's receipt of the settlement payment, because of an inability to locate the proper persons or because of their refusal to accept it, the

Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

31.     Within one (1) year of entry of this Consent Judgment, the Acting Secretary shall file a supplemental Exhibit 1 listing the amount of back wages, liquidated damages, and other damages paid or to be paid to employees subject to this Consent Judgment.

**FURTHER, IT IS HEREBY ORDERED THAT**

32.     The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1, nor as to any employee named on the attached Exhibit 1 for any period not specified therein, nor as to any employer other than Defendants.

33.     Defendants hereby waive any and all claims and defenses against the Acting Secretary and her representatives that they could have brought as of the date of the entry of the Consent Judgment and agree not to appeal entry of this Consent Judgment and Permanent Injunction.

34.     Each Party shall bear its own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

35.     The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED

Dated:  April 10, 2024

Percy Anderson
United States District Judge